## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### Austin Division

| | | |
|---|---|---|
| JONATHON OWEN SHROYER, | ) | |
| | ) | |
| | ) | Case No. <u>1:23-cv-1208</u> |
| *Plaintiff,* | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| JOHN DOE, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| *Defendant.* | ) | |
| | ) | |
| | ) | |

Plaintiff Jonathon Owen Shroyer ("Plaintiff" or "Mr. Shroyer"), by and through his undersigned attorneys, hereby brings this Complaint against Defendant JOHN DOE ("Defendant") as follows:

### <u>NATURE OF THE CASE</u>

1.  In this new media age, social media platforms such as X Corp. ("X") have become a hub for information, news, and communication. An individual's online persona is used to build esteem and credibility in a given field and can be an instrumental tool in one's career. One's digital identity, and the authenticity of that identity, has become a critical asset in the world of journalism and independent media.

2.  Mr. Shroyer, as a long-time member of the media, has now had his digital identity intentionally stolen on X by anonymous imposters to the detriment of his reputation and online presence.

3.  Defendant was aware that his defamatory posts, many of which intentionally targeted individuals who follow and support Mr. Shroyer, would tarnish his reputation and portray Mr. Shroyer in a negative light.

1

4. Mr. Shroyer files this action to publicly expose this fraudulent account, protect his legal interest in his identity, rehabilitate his name and reputation, and seek appropriate remedies for the harm caused by Defendant's misappropriation of his identity.

## PARTIES

5. Plaintiff Jonathon Owen Shroyer is, and at all times relevant hereto has been, a resident of Austin in Travis County, Texas.

6. Plaintiff is unaware of the true name and capacity of Defendant, whether individual, corporate, associate, or otherwise, named herein as John Doe, and therefore sues said Defendant by a fictitious name. Plaintiff will seek leave to amend this Complaint when his true name and capacity are ascertained. Upon information and belief, Defendant is not a resident of Texas.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds the statutory minimum and Plaintiff alleges on information and belief that the parties are completely diverse.

8. Venue is proper under 28 U.S.C. § 1391(b)(2), in that a substantial portion of the events and harm alleged herein occurred in this judicial district.

## FACTUAL ALLEGATIONS

9. Mr. Shroyer is a well-known journalist, reporter, and host of his daily talk show "The War Room with Owen Shroyer," which has been on air for more than five years and garners tens of thousands of live viewers daily.

10. Mr. Shroyer has been a member of the media for more than a decade. Over that time, Mr. Shroyer has established his reputation and brand as a trusted political commentator, show

host, reporter, journalist, and news source. Mr. Shroyer holds tremendous value in his personal brand and reputation. The success of his show and career is based upon the unique ideas and perspectives he provides to his listeners.

11. Beginning in October 2022, Defendant, operating under the name "Owen Shroyer" and the handle "@OwenShroyers", began misappropriating Mr. Shroyer's identity without permission on X, formerly Twitter, Inc. ("Twitter").

12. Upon information and belief, Defendant opened a Twitter account with the intent to impersonate Mr. Shroyer, deceive other users, and capitalize on Mr. Shroyer's reputational value.

13. Defendant opened this account knowing that Mr. Shroyer was unable to access his original Twitter account due to the unjust suspension of his account several years prior, and therefore Mr. Shroyer would be unable to defend himself against and expose imposters.

14. Upon information and belief, Defendant knew that a reasonable X user would believe that the fraudulent account belongs to Mr. Shroyer and represents his true online identity.

15. Defendant's account intentionally impersonates Mr. Shroyer's identity by adopting numerous uniquely identifiable characteristics of Mr. Shroyer's identity (*See* Image 1):

   a. Defendant uses Mr. Shroyer's actual name ("Owen Shroyer") as the Account name;

   b. Defendant uses an X handle ("@OwenShroyers") nearly identical to Mr. Shroyer's name;

   c. Defendant uses actual photos of Mr. Shroyer in the profile photo and cover photo;

d.  In the account profile, Defendant includes a photo of the logo for Mr. Shroyer's talk show, lists the website where the show can be found, the days and times Mr. Shroyer's show is live, and explicitly states that the account is that of the "Host of the Infowars War Room";

e.  Defendant lists the account as residing in Austin, TX, Mr. Shroyer's actual city of residence; and

f.  Defendant categorizes the account as that of a "Media Personality."



**Image 1:** A true and correct copy of Defendant's X profile as of September 28, 2023.

16. In his posts and replies, Defendant consistently holds himself out as Mr. Shroyer and has made numerous claims that he represents Mr. Shroyer's values and beliefs.

17. Defendant routinely posts pictures and videos of Mr. Shroyer, as well as clips from his daily talk show.

18. Defendant habitually posts lewd, crude, and rude material on the fraudulent account. Many posts feature nude images and other pornographic materials, and Defendant repeatedly alludes to sexually explicit activities. Mr. Shroyer finds Defendant's rhetoric and discourse to be repugnant and reprehensible.

19. Defendant has repeatedly interfered with Mr. Shroyer's career and business relationships by impersonating him and misleading others as to Mr. Shroyer's character.

20. Defendant engages with other X users as Mr. Shroyer and, through statements made, tarnishes others' opinions of Mr. Shroyer.

21. On several occasions, other X users, including journalists and show hosts, have sent messages to Defendant under the mistaken belief that Defendant's account is the official account of Mr. Shroyer. Their requests to connect or invite Mr. Shroyer on their respective shows are met with rude, crude, and derogatory replies to such an abhorrent degree that Defendant is frequently blocked by other X users.

22. Mr. Shroyer has gained the trust of many audience members due to his tenure and reputation. X users have sent personal information, including phone numbers and other sensitive material, via direct messages to Defendant upon the mistaken belief that the account belongs to Mr. Shroyer. Upon information and belief, Defendant fails to inform these users that he does not represent Mr. Shroyer or his views. Rather, Defendant embraces the opportunity to impersonate Mr. Shroyer.

23. Several prominent X users who have been misled and insulted by Defendant posing as Mr. Shroyer have contacted Mr. Shroyer and/or the producer of his show to inform them that they were deceived by Defendant and thought negatively of Mr. Shroyer after engaging with Defendant.

24. Furthermore, guests who at first agree to appear on Mr. Shroyer's show have subsequently canceled their appearance and refused to associate with Mr. Shroyer after viewing Defendant's account, seeing such crude publications, and being misled to believe that it is a representation of Mr. Shroyer's beliefs and character.

25. Defendant has used this account to post a series of defamatory statements about Mr. Shroyer, while posing as Mr. Shroyer. Other X users are reasonably more inclined to believe these statements as true as it appears they are being posted directly by Mr. Shroyer.

26. These statements are designed to take advantage of the value of Mr. Shroyer's good faith and good will and have consequently disparaged Mr. Shroyer's character and cast a false light on his reputation.

27. Mr. Shroyer's career relies upon making connections with other individuals in the media, appearing as a guest on others' shows, obtaining guests for his own show, and maintaining a reputable image in his field of independent journalism.

28. Mr. Shroyer's identity holds intrinsic value, both in a meritorious and monetary context. Indeed, this is demonstrated by the fact that for several years, Mr. Shroyer has offered exclusive content on other platforms for paid subscribers only that has garnered a significant following and generates income for Mr. Shroyer.

29. Moreover, Mr. Shroyer is unable to represent himself on X and defend himself against imposters such as Defendant because his account was unjustly suspended on Twitter and has yet to be reinstated on X. Defendant, who has full knowledge of this fact, is subsequently able to hold himself out as the sole spokesperson for Mr. Shroyer by taking advantage of his name and reputation.

30. Defendant has continued to impersonate Mr. Shroyer for nearly a full year as of this filing.

31. Mr. Shroyer, in a good faith effort to avoid litigation, issued a cease-and-desist letter to Defendant demanding that he immediately cease the use of his name and image, remove information unique to Mr. Shroyer's identity from the account profile, make clear to other users that Defendant does not represent the views and character of Mr. Shroyer, and halt his character assassination via identity theft. Furthermore, Mr. Shroyer informed Defendant of the injury his actions were causing. Defendant refused to comply with Plaintiff's demand and this suit has followed.

## FIRST CAUSE OF ACTION
## MISAPPROPRIATION OF NAME AND LIKENESS

32. Plaintiff realleges and incorporates by this reference Paragraphs 1 through 31 of this Complaint as though fully set forth herein.

33. Texas common law recognizes an inherent right, enshrined in the right of privacy, to one's own name and likeness. Others are barred from using an individual's identity without permission with the intent to confer any benefit from it.

34. Defendant misappropriated Plaintiff's name and likeness in a way that clearly impersonates Plaintiff. Defendant not only utilizes Plaintiff's exact name and image, but several other defining characteristics of Plaintiff's identity with the clear intent to impersonate Plaintiff, capitalize on his reputational value, and mislead other X users.

35. Plaintiff has a legal interest in his own identity, made even more significant due to his role as a journalist and public figure. His persona, brand, and opinion hold inherent value.

36. Upon information and belief, Defendant has misappropriated Plaintiff's identity, under the full knowledge that Plaintiff is unable to access his original X account, in order to present himself as the sole verified account under Plaintiff's name.

37. Defendant gains popularity and clout by representing himself as Plaintiff. Indeed, Defendant has garnered thousands of followers using Plaintiff's name and likeness.

38. Furthermore, now that X offers monetary payments for users' share of ad revenue and offers users the option of publishing certain content via a paid subscription, Defendant can and may currently be monetizing his endeavors by fraudulently using Plaintiff's identity.

39. Defendant has misappropriated Plaintiff's identity for the value associated with Plaintiff's name, brand, and status as a public figure. Defendant has received value in doing so by holding the account as representing the views and opinions of Plaintiff, gathering thousands of followers, and using his misrepresentation to tarnish the reputation of Plaintiff as a personal vendetta.

40. Defendant's use of Plaintiff's name, likeness, photographs, and other indicia of his identity has exploited the value of Plaintiff's brand without authorization and has violated Plaintiff's lawful rights to his own name, images, and likeness.

41. Plaintiff here and now seeks a recovery for his injury.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. For a finding that Defendant has misappropriated Plaintiff's name and likeness in violation of Texas law;

b.  For an order that Defendant cease his appropriation of Plaintiff's name and likeness and remove of all content that has been published in Plaintiff's name without permission;

c.  For general, special, punitive, and exemplary damages from Defendant in an amount to be determined at the time of trial, but believed to be not less than the jurisdictional minimum of this Court, together with interest thereon at the maximum legal rate;

d.  For recovery of costs in connection with this suit; and

e.  For such further and other relief as this Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff demands a jury trial in this action on all issues and claims triable to a jury.

Dated:  October 5, 2023                          Respectfully submitted,


                                 By: */s/ Robert E. Barnes*
                                 Robert E. Barnes, Esq.
                                 CA Bar No. 235010
                                 Lexis Anderson, Esq.
                                 TX Bar No. 24127016
                                 *Subject to admission pro hac vice*
                                 BARNES LAW
                                 700 South Flower Street, Suite 1000
                                 Los Angeles, California 90017
                                 Telephone: (310) 510-6211
                                 Facsimile: (310) 510-6225
                                 Email: robertbarnes@barneslawllp.com
                                 Email: lexisanderson@barneslawllp.com

                                 *Attorneys for Plaintiff Jonathon Owen Shroyer*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically on October 5, 2023. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Robert E. Barnes*
Robert E. Barnes