UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
Austin Division

|  |  |
|---|---|
| JONATHON OWEN SHROYER, | ) |
|  | ) |
| *Plaintiff*, | ) Case No. 1:23-cv-1208 |
|  | ) |
| vs. | ) |
|  | ) |
| JOHN DOE, | ) |
|  | ) |
| *Defendant*. | ) |

**PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT THIRD-PARTY DISCOVERY PRIOR TO A RULE 26(f) CONFERENCE AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26, Plaintiff Jonathon Owen Shroyer, through counsel, respectfully files this Motion for leave to conduct limited third-party discovery in advance of the appearance of any defendant in the present action. The grounds for this Motion, including the discovery sought, are set forth below.

**FACTUAL BACKGROUND**

Plaintiff Jonathon Owen Shroyer ("Plaintiff" or "Mr. Shroyer") is a resident of Austin, Texas. He is an independent journalist, reporter, and host of his daily political talk show, the War Room with Owen Shroyer. Mr. Shroyer has been a member of the media for more than a decade and has established his reputation as a trusted political commentator, show host, reporter, journalist, and news source.

Beginning in October 2022, Defendant John Doe ("Doe" or "Defendant"), operating under the name "Owen Shroyer" and the handle "@OwenShroyers", opened a social media

1

account in Mr. Shroyer's name and began misappropriating Mr. Shroyer's name, likeness, and identity without permission on X Corp. ("X"), formerly Twitter, Inc. ("Twitter"). Defendant utilizes Mr. Shroyer's name, photos, job details, city of residence, and other identifying characteristics to impersonate Mr. Shroyer for his reputational value and potentially monetary value. Defendant has done so with the consequence of impersonating Mr. Shroyer's identity, deceiving other X users into believing the veracity and authenticity of the account, and defaming Plaintiff's character.

Mr. Shroyer, in a good faith effort to avoid litigation, issued a cease-and-desist letter to Defendant in an attempt to resolve the issue, but Defendant refused to comply, and this action commenced.

## THE DISCOVERY SOUGHT BY PLAINTIFF

Plaintiff seeks leave from the Court to serve a non-party subpoena pursuant to Fed. R. Civ. P. 45 on an entity who may have information, documents, or other records in its possession, custody, or control which will identify (or lead to the identification of) the true identity of Defendant John Doe.

Specifically, Plaintiff requests leave to serve a subpoena to X Corp. ("X") to seek the name, location, IP address, and any other information relating to the anonymous internet user(s) who created, maintain, and post on the account operating under the name "Owen Shroyer" and the handle "@OwenShroyers". Plaintiff seeks to identify and investigate Defendant and any other individuals who may have acted in concert with him or her in engaging in illegal torts against Plaintiff. Plaintiff will only use this information to investigate and prosecute the claims made in his Complaint. Without this information, Plaintiff cannot investigate to determine the natural person responsible for the harmful behavior.

**ARGUMENT**

**A. Legal Standard Governing Expedited Discovery Requests to Identify an Anonymous Defendant**

Fed. R. Civ. P. 26(d)(1) permits a party to conduct discovery in advance of the conference of parties required by Fed. R. Civ. P. 26(f), "when authorized by these rules, by stipulation, or by court order." This district has adopted the "good cause" standard for expedited discovery, which, in essence, is "akin to a broader and more flexible totality of the circumstances analysis." *St. Louis Group, Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011); *see also id.* at 240 (citing several cases throughout the Fifth Circuit that have also adopted this good cause approach).

"Courts weigh several factors in the good cause analysis, including: (1) a concrete showing of a prima facie claim of actionable harm by the plaintiff; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information to advance the claim; and (5) the user's expectation of privacy." *Ensor v. Does 1-15*, No. A-19-CV-00625-LY, 2019 WL 4648486, at *2 (W.D. Tex. Sept. 23, 2019) (citing *Well Go USA, Inc. v. Unknown Participants Participants in Filesharing Swarm Identified*, 2012 U.S. Dist. LEXIS 137272, *3 (S.D. Tex. Sept. 24, 2012)).

Courts have found good cause for allowing limited expedited pre-service discovery to identify an unknown defendant. *Hunsinger v. Doe Corp.*, No. 3:22-CV-2444-M-BH, 2022 WL 16722344, at *2 (N.D. Tex. Nov. 4, 2022); *see also Priority Records, LLC v. Doe*, No. A-07-CA-799 LY, 2007 WL 9710299, at *2 (W.D. Tex. Oct. 3, 2007) (finding good cause for expedited discovery where the plaintiffs had no means of identifying the defendants without discovery on the third-party internet service provider which owned the internet addresses used to download copyrighted music); *In re Cases Filed by Recording Companies*, No. 1:08-cv-00158-LY, 2008

3

WL 11411125, at *1–2 (W.D. Tex. Mar. 14, 2008) ("Plaintiffs should be afforded the opportunity to obtain discovery relevant to the identification of defendants they contend are liable to them.").

### B. Good Cause Exists to Grant Plaintiff's Motion

#### a. *Plaintiff Has Alleged a Prima Facie Claim for Misappropriation of Name and Likeness*

Under Texas law, a defendant commits invasion of privacy by misappropriation when (1) the defendant appropriated the plaintiff's name or likeness for the value associated with it; (2) the plaintiff can be identified from the publication; and (3) there was some advantage or benefit to the defendant. *Doggett v. Travis L. Firm, P.C.*, 555 S.W.3d 127, 130 (Tex. App. 2018). Plaintiff easily makes this showing.

Plaintiff has sufficiently alleged a *prima facie* claim for misappropriation of his name, likeness, and identity in his Complaint filed on October 5, 2021 [ECF No. 1]. To summarize, Plaintiff alleged that Defendant misappropriated his identity using not only his name and several images, but other uniquely identifiable characteristics such as details of Plaintiff's talk show, listing the account holder as residing in Austin, TX, and categorizing the account as that of a "media personality." Compl, at ¶ 15. Plaintiff can be clearly identified from Defendant's profile and posts. Indeed, this fraudulent account encompasses Plaintiff's identity so thoroughly that other X users are frequently misled to believe that the account is the true and verified platform of Plaintiff. Compl., at ¶¶ 19-24.

Furthermore, Plaintiff alleges that Defendant has gained a significant advantage and benefit by co-opting Plaintiff's reputational value as an independent journalist and public figure. Texas law protects the value associated with a name. *Express One Int'l, Inc.*, 53 S.W.3d 895, 900 (Tex. App. 2001). A defendant is liable for misappropriation when he has "appropriated

4

to his own use or benefit the reputation, prestige, social or commercial standing, public interest or other values" of the plaintiff's name. *Moore v. Big Picture Co.*, 828 F.2d 270, 275 (5th Cir. 1987) (citing Restatement (Second) of Torts § 652C, cmt. c (1977)).

Plaitniff has alleged that his persona, brand, and commentary hold intrinsic value, both in a meritorious and monetary context. Compl., at ¶ 28. Plaintiff has a legal interest in his own identity, made even more significant due to his role as a journalist and public figure that has garnered a significant following. Compl., at ¶ 35. Defendant has received value in appropriating Plaintiff's name and likeness by holding the account as representing the views and opinions of Plaintiff, gathering thousands of followers, and using his misrepresentation to tarnish the reputation of Plaintiff as a personal vendetta. Compl., at ¶ 39. In addition, Defendant could and may already be monetizing his content on X by fraudulently using Plaintiff's identity. Compl., at ¶ 37. Defendant's efforts to capitalize on Plaintiff's reputation value are made all the more successful by Plaintiff's inability to defend himself or expose his imposters on X. Compl., at ¶ 29.

Defendant's use of Plaintiff's name, likeness, photographs, and other indicia of his persona has exploited the value of Plaintiff's identity without authorization and has violated Plaintiff's lawful rights to his own identity.

### b. *Plaintiff Has Clearly Identified Specific Information He Seeks Through Discovery*

Plaintiff seeks to discover from X the true name, location, IP address, and any other information of the owner(s) of the account "@OwenShroyers". This is all specific information in the possession of X that will enable Plaintiff to investigate the identity of the proper Defendant and serve process on the proper Defendant. This limited and specific request satisfies the second

good cause factor because it only seeks that which is necessary to enable Plaintiff to effectuate service on a proper Defendant and proceed with this lawsuit.

### c. *No Alternative Means Exists to Obtain Defendant's True Identity*

Because Defendant is an anonymous internet user only identifiable via his imposter account, Plaintiff cannot otherwise obtain his identity in order to execute service of this action.

Where, like here, a Doe defendant is an anonymous internet user only identifiable by his or her anonymous posts and Plaintiff cannot otherwise obtain this information, courts have held that this situation further supports an order granting the requested discovery. *Ensor v. Does 1-15*, No. A-19-CV-00625-LY, 2019 WL 4648486, at *3 (W.D. Tex. Sept. 23, 2019); *see also Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241-42 (S.D.N.Y. 2012) ("[I]n all of the opinions and rulings in similar cases around the country, the Court has found no indication that the plaintiffs have any reasonable alternative to these subpoenas to obtain the identities of the alleged infringers.").

X has unique, if not exclusive, knowledge of the facts and circumstances regarding the issues and questions noted herein that are not obtainable from any other source. Plaintiff believes that X's registration process, as well as the process to become a verified user, requires a user to provide a name, phone number, and/or email address before he or she can post. Further, on information and belief, X also records the user's X account information and IP address every time he or she logs into X and posts a tweet. Since most, if not all, of the key facts are within the exclusive possession of X, there is no alternative method for Plaintiff to obtain the requested information.

### d. *Plaintiff Needs the Subpoenaed Information to Advance the Asserted Claim*

Plaintiff seeks only information to ascertain the identity of Defendant for the purpose of service, which is essential for Plaintiff to pursue his claim. Without learning the Defendant's identity, Plaintiff will not be able to serve the Defendant with process and proceed with this case. Plaintiff's important statutorily protected property and privacy rights are at issue in this suit and, therefore, the equities weigh heavily in favor of preserving Plaintiff's rights. Indeed, as set forth above, Plaintiff has chosen to file suit only after attempting to resolve this issue without litigation and after nearly a year of Defendant appropriating Plaintiff's identity.

Because identifying Defendant by name is necessary for Plaintiff to advance the asserted claims, Plaintiff has established the fourth good cause factor.

### e. *Plaintiff's Interest in Knowing Defendant's True Identity Outweighs Defendant's Interest in Remaining Anonymous*

Finally, Plaintiff satisfies the fifth good cause factor because Plaintiff has a strong, legitimate, and constitutionally protected interest in protecting his identity and privacy rights. Defendant's interest in remaining anonymous does not outweigh Plaintiff's rights to pursue a legitimate claim for personal injury where Defendant has directed his actions at Plaintiff, has intended to injure Plaintiff, and has had the opportunity to resolve this issue and declined. Nor does Defendant or the subscriber to the Subject IP address have an expectation of privacy in his/her identifying information "because [that information] has already been exposed to a third party, the Internet Service Provider." *Malibu Media, LLC v. Doe*, No. 1:12-CV-263, 2012 U.S. Dist. LEXIS 170987, at *1 (N.D. Ind. Dec. 3, 2012). Defendant's desire to remain anonymous is necessarily outweighed by Plaintiff's legal rights.

Furthermore, allowing discovery to merely obtain the identity of an infringing party is narrowly tailored and a customary practice to allow a Plaintiff to pursue remedy for his injury. *See Laface Records, LLC v. Atlantic Recording Corp.*, 2007 WL 4286189, at *1-2 (W.D. Mich. Sept.

27, 2007) (compiling cases applying the good cause standard and holding that "discovery to allow the [identification] of 'Doe' defendants is 'routine'").

## CONCLUSION

Plaintiff seeks leave from this Court to serve a third-party subpoena requesting documents pursuant to Federal Rule of Civil Procedure 45, in order to obtain the name(s), address(es), and other contact information necessary to identify Defendant with sufficient particularity to permit Plaintiff to amend his Complaint and serve the identified individual.

For the foregoing reasons, Plaintiff respectfully requests this Court grant leave to Plaintiff to issue a Rule 45 subpoena to X to obtain the name and capacity of Defendant.

Respectfully submitted,

By: */s/ Lexis Anderson*

Lexis Anderson, Esq.
TX Bar No. 24127016
*Admitted Pro Hac Vice*
Robert E. Barnes, Esq.
CA Bar No. 235010
BARNES LAW
700 South Flower Street, Suite 1000
Los Angeles, California 90017
Telephone: (310) 510-6211
Facsimile: (310) 510-6225
Email: lexisanderson@barneslawllp.com
Email: robertbarnes@barneslawllp.com

*Attorneys for Plaintiff Jonathon Owen Shroyer*

## CERTIFICATE OF CONFERENCE

I hereby certify that I was unable to confer with Defendant because he or she has not yet been identified by investigation following the release by X of the Subject IP address or identity.

By: */s/ Lexis Anderson*

Lexis Anderson

## CERTIFICATE OF SERVICE

    I, Lexis Anderson, certify that on October 13, 2023, I served the attached **PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT THIRD-PARTY DISCOVERY PRIOR TO A RULE 26(f) CONFERENCE AND MEMORANDUM OF LAW IN SUPPORT THEREOF** by electronically filing the foregoing with the Clerk of the Court for the United States District Court for the Western District of Texas by using the CM/ECF system.

                                                                              */s/ Lexis Anderson*
                                                                              Lexis Anderson